1

**BAILEY COWAN HECKAMAN PLLC**

2

Robert W. Cowan (admitted *pro hac vice*)

3

rcowan@bchlaw.com
Aaron M. Heckaman (admitted *pro hac vice*)

4

aheckaman@bchlaw.com
1360 Post Oak Blvd., Suite 2300

5

Houston, TX 77056
Telephone: 713-425-7100

6

Facsimile: 713-425-7101
onewheel@bchlaw.com

7

8

*Attorneys for Ron Bunnell, on behalf of the*

9

*Estate of Carl Joseph Bunnell, deceased,*
*Barclay Bunnell, Misty Odeen, as next friend*

10

*and representative of Maxwell Bunnell, a minor,*
*Darryl Martin John Oatridge, and Bridget*

11

*Oatridge*

12

*Additional parties and counsel listed on*
*signature pages.*

13

**NILAN JOHNSON LEWIS PA**

John J. Wackman (admitted *pro hac vice*)
jwackman@nilanjohnson.com
Christine M. Mennen (admitted *pro hac vice*)
cmennen@nilanjohnson.com
Kathleen K. Curtis (admitted *pro hac vice*)
kcurtis@nilanjohnson.com
Kelly P. Magnus (admitted *pro hac vice*)
kmagnus@nilanjohnson.com
250 Marquette Avenue South, Suite 800
Minneapolis, MN  55401
Tel: (612) 305-7500
Fax: (612) 305-7501

*Attorneys for Defendant Future Motion, Inc.*

14

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

15

**SAN JOSE DIVISION**

16

IN RE: FUTURE MOTION, INC.

17

PRODUCTS LIABILITY LITIGATION

18

19

This document relates to:

20

ALL ACTIONS

No.: 23-md-03087-BLF

**JOINT INITIAL CASE MANAGEMENT**
**STATEMENT**

21

22

The Parties submit this Initial Case Management Statement, and would respectfully show the

23

Court as follows:

24

**1.    Appointment and Organization of Plaintiffs' Leadership**

25

**a.    Individual Personal Injury/Wrongful Death Actions**

26

Plaintiffs believe it advisable for appointment of lead counsel.  Specifically, individual

27

personal injury/wrongful death action Plaintiffs ("PIWD Plaintiffs") undersigned or listed on this

28

CMC statement propose **Robert W. Cowan of Bailey Cowan Heckaman PLLC** and **Rene F. Rocha of Morgan & Morgan** to serve as PIWD Plaintiffs' Co-Lead Counsel for the individual personal injury/death actions.  A copy of each applicant's *curricula vitae* and/or declaration is attached hereto as Exhibits A and B for the Court's review.

In addition to the appointment of Co-Lead Counsel, PIWD Plaintiffs submit that Plaintiffs' leadership should also include a steering committee, a law and briefing committee, a discovery committee, and a settlement committee.  Members of those committees would be selected and proposed on motion before the Court's second Case Management Conference.

Future Motion also believes it is advisable for the appointment of, at least, Lead Counsel for Plaintiffs so that Future Motion can work as efficiently as possible with the Plaintiffs' group. Future Motion proposes that the appointment of Lead Counsel for Plaintiffs occur before further substantive events occur.

**b.    Separate Class Action Case**

Plaintiff's Proposal:

Counsel for the putative class in the class action case entitled *Loh v. Future Motion*, Inc.*,* Case No. 5:21-cv-06088 (N.D. California) (the "Loh Action") respectfully request the Court to appoint M. Anderson Berry at the law firm Clayeo C. Arnold, A Professional Corporation, and Jerrod C. Patterson at Hagens Berman Sobol Shapiro LLP as co-lead counsel on behalf of the putative class. The firm and individual resumes for both counsel are attached hereto as Exhibits C and D.

Defendant's Proposal:

Future Motion does not object to the above request that Anderson Berry and Jerrod Patterson be appointed as co-lead counsel on behalf of the putative class. However, its lack of objection is not a concession that counsel meet the adequacy requirements of Federal Rule of Civil Procedure 23(a) and Future Motion expressly reserves its right to challenge counsel's adequacy pursuant to that rule.

**2.** **Proposed Representative Cases**

**a.** **PIWD Plaintiffs' Proposal:**

PIWD Plaintiffs submit *Bunnell, et al.*, 1:22-cv-01220 ("*Bunnell*") and *Oatridge, et al.*, 5:21-cv-09906 ("*Oatridge*") as two of four representative cases. Generally, and as discussed more in depth in Section 7, *infra*, all constituent actions are predicated upon allegations that PIWD Plaintiffs sustained personal injuries while riding various models of Defendant's Onewheel device. More specifically, PIWD Plaintiffs allege that while riding their respective Onewheel devices the board suddenly and unexpectedly stopped, shut down, or otherwise shut off causing the board to cease self-balancing and "nosedive" forward, resulting in the rider being ejected from the device.

In *Bunnell*, Carl Joseph Bunnell was riding his Onewheel XR with his son in Colorado when he experienced a nosedive. Mr. Bunnell was ejected from the Onewheel and violently slammed into the concrete sidewalk he was riding on. As a result, Mr. Bunnell suffered severe brain damage, which ultimately caused his untimely death. In *Oatridge*, Darryl Martin John Oatridge was riding his Onewheel+ XR in Kansas when he, too, experienced a nosedive. Mr. Oatridge's impact with the concrete path he was riding on caused cervical neck fractures resulting in quadriplegia.

The foregoing cases are representative of the most serious injuries, including a fatal injury, in the MDL. Plaintiffs would additionally propose that one or two additional cases be selected (by Plaintiffs) representing less serious injuries. Plaintiffs would select those two additional cases before the Court's next case management conference.

**b.** **Defendant's Proposal:**

While there is variance in the procedural posture of the cases, the majority of cases are at the beginning of fact discovery or have had no discovery occur. In addition, Future Motion was advised that a significant number of new cases would be filed in federal court – perhaps as many or more than are currently in the MDL. Future Motion also expects additional cases to be removed from state court.

Thus, given that most cases were only recently initiated or have yet to be initiated and Future Motion has only limited information regarding the majority of the cases that will be involved in this proceeding, Future Motion believes that it is premature to select representative cases. Instead, Future Motion proposes that a brief period be allowed for cases to be added followed by a period for a Plaintiff's Fact Sheet (PFS) to be responded to prior to the selection of representative cases.

With regard to the selection of representative cases, after PFSs are verified, Future Motion suggests that Plaintiff's Lead Counsel and Defendant each select four cases involving significant injuries and four involving less significant injuries. Each side would then be permitted to strike two cases from each category and merits-based discovery would then proceed on the remaining cases.

If instead, Future Motion must identify cases with limited information and more than 30+ outstanding cases to be transferred/filed, then it preliminarily identifies the following five as representative cases, with the intention of selecting eight total after all cases are added:

1. Schuyler Elliott v. Future Motion, Inc. (Onewheel+ XR, alleges he broke his left wrist);

2. Kwynn Koop v. Future Motion, Inc. (Onewheel+ XR, alleges he broke his clavicle, had fractured ribs, a punctured lung, some contusions, and a head injury);

3. Stephen Russo v. Future Motion, Inc., et al. (Onewheel+ XR, alleges he suffered a traumatic brain injury, fluctuating attention, impaired memory, word retrieval impairment, decreased patience, and confusion caused by head trauma, anxiety, insomnia, PTSD, and frustration);

4. Shane Smith v. Future Motion, Inc. (Onewheel+ XR, alleges he sustained a comminuted fracture of the left clavicle, left elbow abrasions, and a displaced fracture of the right big toe);

5.   Bryan Reedy v. Future Motion, Inc., et al (Onewheel Pint, alleges he sustained a loss of consciousness, and a herniated nucleus pulposus in the cervical spine resulting in central cord syndrome and a cervical fusion).

The identification of representative cases is based on information presently available to Future Motion. As indicated above, Future Motion understands there are a significant number of cases that will be included in this proceeding in the near future.  Future Motion does not have information on the nature of these cases, which makes their selection or exclusion as representative cases premature.

By identifying preliminary representative cases, Future Motion does not intend any waiver of *Lexecon*.

**3.**   **Proposed Presentation of Early Motions**

**a.**   **PIWD Plaintiffs' Proposal:**

PIWD Plaintiffs do not anticipate the filing of any early motions and will defer to the *Loh* Class Counsel and Defendants on how to proceed with the presentation of Motions related to *Loh*.

**b.**   ***Loh* Class Counsel Proposal:**

The parties in the *Loh* Action have previously filed briefing on Future Motion's motion to dismiss, and motion to strike the class action allegations. The *Loh* parties respectfully request leave to re-file this briefing on a date specified by the Court. Considering that the *Loh* action is already a consolidated action, consolidating two separately filed Class Actions, *Loh et al. v. Future Motion, Inc.* No. 5:21-cv-06088 (N.D. Cal.) and *Wang et al. v. Future Motion, Inc.*, No. 5:22-cv-05064 (N.D. Cal.), if the Court elects to consolidate the present consolidated class action with the recently filed, and not yet served, *Nemeth* action, Plaintiffs in the *Loh* Action believe that any future filed related Class Actions, including *Nemeth*, should be subsumed under the operative Consolidated Class Action Complaint.

**c.    Defendant's Proposal:**

Prior to coordination, Future Motion had filed and fully briefed motions to dismiss the operative class action complaint and to strike the class allegations. Given coordination, Future Motion agrees with the *Loh* plaintiffs and their counsel that the motions and briefs should be re-filed and given a new hearing date that best aligns with proceedings in the personal injury matters.

Nevertheless, Future Motion also respectfully requests that this Court consider whether the *Loh* and *Nemeth* actions should be consolidated into a single putative class case given the overlap of allegations, time periods, and putative classes. Should this Court decide that the two matters should be consolidated, then Future Motion respectfully submits that the *Loh* plaintiffs and *Nemeth* plaintiffs should submit a new consolidated class action complaint and Future Motion be afforded the opportunity to challenge it anew, if prudent and consistent with the procedures set forth in the Federal Rules of Civil Procedure. If this Court opts not to require that *Loh* and *Nemeth* be consolidated, then Future Motion intends to file a motion to dismiss and a motion to strike once it is properly served by the *Nemeth* plaintiffs.

**4.    Proposed Discovery Schedule**

**a.    Plaintiffs' Proposal:**

To avoid the potential loss of relevant evidence and permit the Parties to proceed expeditiously, PIWD Plaintiffs and Class Counsel Plaintiffs propose first focusing discovery efforts on common fact discovery of Defendant with an eye toward completion by the end of June 2024.  Common fact discovery of Defendant should consist of, at a minimum:

- Defendant's service upon Plaintiffs of rules-compliant and comprehensive Rule 26(a) disclosures with particular focus on production of documents showing applicable insurance coverages, including primary, excess and umbrella policies, for all policy periods implicated by the constituent actions, as well as the disclosure of Defendant's self-insured retention limits, if any, for each implicated policy period;

- written discovery propounded on Defendant focused on issues common to all MDL cases;

- depositions of Defendant and Defendant's corporate witnesses; and

- source code inspections for each model Onewheel device.

After the commencement of common fact discovery, the Parties should proceed with representative-case Plaintiff-specific discovery, followed by expert disclosures and discovery, with an eye towards completion by mid-November 2024.

A detailed proposed schedule follows:

| Event | Date |
| --- | --- |
| Serve Parties' Initial Disclosures | 30 days from first CMC |
| Parties' Final Proposals of Representative Cases | February 1, 2024 |
| Court's Final Selection of Representative Cases | February 29, 2024 |
| Commencement of Fact Discovery of Representative Plaintiffs | May 1, 2024 |
| Close of Common Fact Discovery of Defendant | July 1, 2024 |
| Close of Representative Plaintiff Fact Discovery | July 31, 2024 |
| Plaintiffs' Expert Designations | September 16, 2024 |
| Class counsel's motion for class certification | September 16, 2024 |
| Defendants' Expert Designations | October 18, 2024 |
| Defendants' opposition to motion for class certification | October 18, 2024 |
| Representative PI Cases Sequenced for Trial | October 18, 2024 |
| Close of Expert Discovery | November 18, 2024 |
| Reply in support of motion for class certification | November 18, 2024 |
| *Daubert*/Dispositive Motions for first three Representative PIWD Trials[1] | December 16, 2024 |
| Responses to *Daubert*/Dispositive Motions for PIWD cases | January 13, 2025 |
| Replies to *Daubert*/Dispositive Motions for PIWD cases | January 27, 2025 |

[1] Class counsel recommends deferring dispositive rulings and trial pending the completion of the first bellwether PI trial.

| Event | Date |
|---|---|
| Hearing on *Daubert*/Dispositive Motions for PIWD cases | February 11, 2025 |
| Motions *in Limine* Filed for PIWD cases | March 11, 2025 |
| Motion *in Limine* Responses Filed | April 1, 2025 |
| Motion *in Limine* Replies Filed | April 15, 2025 |
| Final Pretrial Conference (First Representative Trial) | May 15, 2025 |
| First Representative Trial | June 16, 2025 |
| Final Pretrial Conference (Second Representative Trial) | July 16, 2025 |
| Second Representative Trial | August 18, 2025 |
| Final Pretrial Conference (Third Representative Trial) | September 17, 2025 |
| Third Representative Trial | October 20, 2025 |
| Serve Parties' Initial Disclosures | 30 days from first CMC |
| Parties' Final Proposals of Representative Cases | February 1, 2024 |
| Court's Final Selection of Representative Cases | February 29, 2024 |
| Commencement of Fact Discovery of Representative Plaintiffs | May 1, 2024 |
| Close of Common Fact Discovery of Defendant | July 1, 2024 |
| Close of Representative Plaintiff Fact Discovery | July 31, 2024 |
| Plaintiffs' Expert Designations | September 16, 2024 |
| Defendants' Expert Designations | October 18, 2024 |
| Representative Cases Sequenced for Trial | October 18, 2024 |
| Close of Expert Discovery | November 18, 2024 |
| *Daubert*/Dispositive Motions for first three Representative Trials | December 16, 2024 |
| Responses to *Daubert*/Dispositive Motions | January 13, 2025 |
| Replies to *Daubert*/Dispositive Motions | January 27, 2025 |
| Hearing on *Daubert*/Dispositive Motions | February 11, 2025 |
| Motions *in Limine* Filed | March 11, 2025 |
| Motion *in Limine* Responses Filed | April 1, 2025 |
| Motion *in Limine* Replies Filed | April 15, 2025 |
| Final Pretrial Conference (First Representative Trial) | May 15, 2025 |

| First Representative Trial | June 16, 2025 |
|---|---|
| Final Pretrial Conference (Second Representative Trial) | July 16, 2025 |
| Second Representative Trial | August 18, 2025 |
| Final Pretrial Conference (Third Representative Trial) | September 17, 2025 |
| Third Representative Trial | October 20, 2025 |

At or near the conclusion of the first three representative trials, the Parties should meet and confer and present the Court with a proposal for either remand of the balance of the untried cases, or additional, future representative trials.

**b.      Defendant's Proposal:**

Future Motion believes that a period to add cases should be provided for, with a corresponding period to Answer the new cases or bring motions to dismiss, as necessary. Future Motion also notes that although Plaintiffs have not proposed a Master Complaint, after all 70+ cases are filed in this proceeding, a Master Complaint may ultimately be advisable. After the pleadings are settled, and Lead counsel has been selected, discovery can be commenced.

Future Motion objects to Plaintiffs' unequal proposal to proceed with discovery solely against the Defendant first. The Plaintiffs asserted their claims against and the Plaintiffs have the burden of proof. It is axiomatic that, absent an understanding of the facts at issue in the Plaintiffs' claims, the parties cannot properly identify the scope of relevant discovery against Future Motion and Future Motion cannot fully prepare its defense. Without discovery of all Plaintiffs through the completion of a Plaintiff Fact Sheet, Future Motion is severely restricted in its ability to even identify representative Plaintiffs cases. The purpose of this coordinated proceeding is to allow for a streamlined procedure for discovery, not to preclude Future Motion from its ability to equally conduct discovery of the parties asserting claims against Future Motion.

Future Motion proposes the following schedule through the close of discovery:

| DEADLINE | EVENT |
|---|---|

| January 22, 2024 | Applications for the Appointment of Lead Counsel for Plaintiffs. |
|---|---|
| January 29, 2024 | Objections to Applications for the Appointment of Lead Counsel for Plaintiffs. |
| February 5, 2024 | Ruling on Applications for the Appointment of Lead Counsel for Plaintiffs. |
| February 5, 2024 | Period to Allow for Filing and/or Service of Additional Complaints |
| February 12, 2024 | Draft Plaintiff's Fact Sheet provided by Defendant to Lead Counsel for Plaintiffs |
| March 13, 2024 | Answer(s) to any Additional Complaint(s) or Rule 12 motion(s) to dismiss/strike Complaint(s) |
| March 13, 2024 | Final Plaintiff's Fact Sheet Distributed to all Plaintiff's counsel |
| March 27, 2024 | Briefs in Opposition(s) to Rule 12 motion(s) to dismiss/strike Complaint(s) |
| April 3, 2024 | Reply Briefs in Support of Rule 12 motion(s) to dismiss/strike Complaint(s) |
| April 15, 2024 | Completed Plaintiff's Fact Sheets Served |
| To be scheduled by the Court | Hearing on Rule 12 motion(s) to dismiss/strike Complaint(s) |
| To be determined the Court | Ruling on Rule 12 motion(s) to dismiss/strike Complaint(s) |
| May 15, 2024 | Representative Cases to be proposed with four cases each in the significant and not-significant injury categories |

| June 3, 2024 | Each Party to Strike two cases in each category from the other side's proposed Representative Cases |
| 30 days after Representative Cases are Identified | Rule 26(a)(1) Initial Disclosures due and opening of fact discovery |
| 30 days after Initial Disclosures | Form Discovery from All Plaintiffs and Form Discovery to All Plaintiffs |
| 60 days after service of Form Discovery | Responses to Form Discovery |
| 90 day time period after responses to Form Discovery | Record Collection / Subpoenas |
| To be scheduled in the 90 day time period after responses to Form Discovery | Board Inspections, Gear Inspections, Mobile Application Inspections |
| 120 days after record collections/inspections | Depositions |
| At the end of the deposition schedule | Close of Fact Discovery |
| 60 days after the close of fact discovery | Plaintiffs' Expert Designations |
| 60 days after Plaintiffs' Expert Designations | Defendant's Expert Designations |
| 60 days after Defendant's Expert Designations | Close of Expert Discovery |
| 30 days after Close of Expert Discovery | Rule 702/Dispositive Motions for Representative Cases |
| 14 days after moving brief | Oppositions to Rule 702/Dispositive Motions for Representative Cases |
| 7 days after opposition | Replies in Support of Rule 702/Dispositive Motions for Representative Cases |
| To be scheduled by the Court | Hearing on Rule 702/Dispositive Motions for Representative Cases |
| To be determined the Court | Rulings on Rule 702/Dispositive Motions for Representative Cases |

A coordinated proceeding of Onewheel personal injury cases was recently established in California state court. The California state court proceedings involves many of the same plaintiffs' counsel that are involved in the present federal proceeding. Future Motion proposes coordinating discovery between the state court and federal court cases, as practical, to allow for the efficient conduct of discovery.

Future Motion has not waived *Lexecon* and, therefore, has not agreed to "representative trials."

## 5. __Status of Constituent Actions__

### a.   **Plaintiffs' Position:**

The procedural posture of each constituent action is (at least for some cases) significantly variable.  In the spirit of brevity, Plaintiffs submit a broad overview of cases that are similarly situated by their progression on deadlines established in their previous scheduling orders.   Generally, the constituent actions can aptly fit into three categories: cases in which all discovery had previously closed, cases in which some discovery had been completed, and cases in which little if any discovery has been completed.

**Cases where discovery has previously closed.**   Prior to centralization, discovery had completely closed in six individual actions—*Bailey*, 3:22-cv-00855, *Haggerty*, 1:22-cv-00322, *Koop*, 3:22-cv-00134, *Nacca*, 6:22-cv-00472, *Roesler*, 2:22-cv-00144, and *Smith*, 8:22-cv-00320.  *Daubert* motions were filed in *Haggerty*, *Koop*, *Roesler*, and *Smith*, and motions for summary judgment were filed in *Haggerty*, *Koop*, and *Roesler*.  Notwithstanding the status of those individual cases, Plaintiffs collectively believe that all cases should still benefit from common general and expert discovery.  For these cases, Plaintiffs reserve the right to rely upon previously conducted discovery, such as prior written discovery responses, deposition testimony, and case-specific expert reports served.

**Cases where some discovery has been completed.**  Prior to centralization discovery, the following 12 cases had completed some amount of discovery—*Brown*, 1:22-cv-04510, *Bunnell*, 1:22-cv-01220, *Downs*, 5:22-cv-01029, *Greer*, 3:22-cv-00810, *Gregie*, 1:22-cv-05528, *Gustafson*, 1:22-cv-02632, *Kinchen*, 4:22-cv-01970, *King*, 8:22-cv-03323, *McNair*, 3:22-cv-00329, *Oatridge*, 5:21-cv-09906, *Thomas*, 6:23-cv-01334, *Reedy*, 3:21-cv-17081, and *Young*, 2:22-cv-01701.  In each of those 12 cases, written discovery was exchanged and responded to, subject to certain disputes over the responsiveness of the answers provided and/or documents produced.  For example, discovery motions in at least some cases were being prepared and/or pending filing.  Plaintiffs collectively believe the completion of general and expert discovery, as discussed in Section 4., *supra*, will permit the cases to be ready for *Daubert* and summary judgment motion practice, and then trial.

**Cases where little discovery has been completed.**  The remaining 16 constituent actions have engaged in a little, if any discovery.

With respect to tag-along lawsuits, Plaintiffs are not currently aware of any tag-along lawsuits that were not the subject of the Court's December 18, 2023 Conditional Transfer Order (MDL Dkt. 9).

**b.      Defendant's Position:**

There are 38 cases that have thus far been coordinated in this district. The cases and their status are summarized below:

|   | CASE CAPTION | STATUS |
|---|---|---|
| 1. | Jason Bailey v. Future Motion, Inc. | Fact discovery closed |
| 2. | James R. Barczy v. Future Motion, Inc. | Answered Complaint. No discovery. |
| 3. | Matthew Boston v. Future Motion, Inc. | Answered Complaint. No discovery. |

| | | |
|---|---|---|
| 4. | Jason Brown v. Future Motion, Inc., et al. | Exchanged some written fact discovery. No depositions. |
| 5. | Ron Bunnell, et al. v. Future Motion, Inc., et al. | Exchanged some written fact discovery. No depositions. |
| 6. | Jonathan Wesley Burke v. Future Motion, Inc. | Answered Complaint. No discovery. |
| 7. | Christopher Delapaz v. Future Motion, Inc. | Exchanged some written fact discovery. No depositions. |
| 8. | Grant Downs v. Future Motion, Inc. | Exchanged some written fact discovery. No depositions. |
| 9. | Schulyer Elliott v. Future Motion, Inc. | Exchanged some written fact discovery. No depositions. |
| 10. | Christopher John Emmel v. Future Motion, Inc. | Answered Complaint. No discovery. |
| 11. | Kirston Gould v. Future Motion, Inc. | Answered Complaint. Served Initial Disclosures. |
| 12. | Brandon Greer v. Future Motion, Inc. | Exchanged some written fact discovery. No depositions. |
| 13. | Keith Gregie v. Future Motion, Inc., et al. | In fact discovery with some depositions completed. |
| 14. | James Gustafson v. Future Motion, Inc., et al. | Exchanged some written fact discovery. No depositions. |
| 15. | Michael Haggerty v. Future Motion, Inc., et al. | Fact discovery closed. |
| 16. | Brian Kinchen and wife, Lori Kinchen v. Future Motion, Inc. | In fact discovery with some depositions completed. |
| 17. | Samuel W. King v. Future Motion, Inc. | In fact discovery with some depositions completed. |

JOINT INITIAL CASE MANAGEMENT STATEMENT

| | 18. | Kwynn Koop v. Future Motion, Inc., et al. | Fact discovery closed. |
|---|---|---|---|
| | 19. | James Loh, Sean Michael Smith, Giovany Rico, and Bradley Reber, individually, and on behalf of those similarly situated v. Future Motion, Inc. | Motions to dismiss and to strike pending. |
| | 20. | Orlando Lopez-Roman v. Future Motion, Inc. | Answered Complaint. No discovery. |
| | 21. | Matthew McAllister v. Future Motion, Inc. | Exchanged some written fact discovery. No depositions. |
| | 22. | Victor McNair v. Future Motion, Inc. | In fact discovery with one deposition completed. |
| | 23. | Caleb Metts v. Future Motion, Inc. | Answered Complaint. No discovery. |
| | 24. | Ralph Nacca v. Future Motion, Inc. | Fact discovery closed. |
| | 25. | Thomas Nemeth v. Future Motion | Complaint filed, but Future Motion has not been served. No discovery. |
| | 26. | Thomas Nemeth v. Future Motion | Complaint filed, but Future Motion has not been served. No discovery. |
| | 27. | Darryl Martin John Oatridge and Bridget Oatridge v. Future Motion, Inc., et al. | Exchanged some written fact discovery. No depositions. |
| | 28. | Scott Patrick v. Future Motion, Inc., et al. | In fact discovery with one deposition completed. |
| | 29. | Ian Quincannon v. Future Motion, Inc. | Exchanged some written fact discovery. No depositions. |
| | 30. | Bryan Reedy v. Future Motion, Inc., et al | In fact discovery with some depositions completed. |

| 31. | Jonathan Reeves v. Future Motion, Inc. | Exchanged some written fact discovery. No depositions. |
|---|---|---|
| 32. | Kevin Roesler v. Future Motion, Inc. | Fact discovery closed. |
| 33. | Stephen Russo v. Future Motion, Inc., et al. | In fact discovery with one deposition completed |
| 34. | John Scherschel v. Future Motion, Inc. | Answered Complaint. No discovery. |
| 35. | Shane Smith v. Future Motion, Inc. | Fact discovery closed. |
| 36. | Joel Thomas v. Future Motion, Inc. | In fact discovery with one deposition completed. |
| 37. | Anh Truong v. Future Motion, Inc. | Answered Complaint. No discovery. |
| 38. | Whitney Young and Mary Kokstis v. Future Motion, Inc. | In fact discovery with some depositions completed. |

Future Motion is not aware of any tag-along lawsuits at this time. However, Future Motion was advised that an additional 30+ cases would be filed. Future Motion is also aware of several lawsuits in state courts that may be subject to removal.

**6.     Proposed Procession of Class Claims**

Class counsel are unaware of any other class cases that have been added to this proceeding. However, on November 20, 2023, a class action case was filed by separate counsel in the Eastern District of Michigan in *Nemeth v. Future Motion Inc.*, 23-cv-12787 (E.D. Mich.).

As reflected in the proposed schedule above, class counsel suggest conducting discovery in coordination with the PIWD cases, but deferring dispositive motions and trial until after the first PIWD

bellwether trial. This approach will maximize efficiencies and provide all parties insight into the merits of their claims and defenses.

**7.     Preliminary Statement of Facts and Identification of Legal Issues**

  **a.     Plaintiffs' Preliminary Statement of Facts and Identification of Legal Issues:**

Defendant's Onewheel products are self-balancing, battery-powered, one-wheeled electric transports that are often described as electric skateboards. The Onewheel product line is composed of seven separate models, including the Onewheel, Onewheel+, Onewheel+ XR, Onewheel Pint, Onewheel Pint X, Onewheel GT, and Onewheel GT S-Series. According to Onewheel's creator and Defendant's Chief Executive Officer, Kyle Doerksen, each model is "totally different."

Notwithstanding the differences between Onewheel models, at least according to Defendant, each Onewheel is equipped with a "warning system" (which is, ironically, the products' most dangerous and unpredictable feature) referred to as "pushback." Pushback is allegedly designed to warn riders to avoid a dangerous situation by purportedly causing the nose of the board to rise upwards. Often however, instead of or in addition to such pushback, the Onewheel will simply shut off and cause the board to unbalance and "nosedive" forward, resulting in the rider being ejected from the device, frequently at high, unsafe speeds. Further, the company has described pushback as "subtle" and difficult for at least new riders to detect—even though for most boards pushback constitutes the *only* warning a rider will ever receive prior to a nosedive or other sudden, unexpected shutdown.

In November 2022, the Consumer Product Safety Commission (the "CPSC") issued a press release warning Onewheel users that it "evaluated the Onewheel products and found that [Onewheels] can cause the rider to be ejected from the product . . . ." (CPSC, *CPSC Warns Consumers to Stop Using Onewheel Self-Balancing Electric Skateboards Due to Ejection Hazard; At Least Four Deaths and Multiple Injuries Report*, (Nov. 16, 2022), https://www.cpsc.gov/Newsroom/News-Releases/2023/CPSC-Warns-Consumers-to-Stop-Using-Onewheel-Self-Balancing-Electric-

Skateboards-Due-to-Ejection-Hazard-At-Least-Four-Deaths-and-Multiple-Injuries-Reported.)   The CPSC, consistent with Plaintiffs' allegations, identified the Onewheel's propensity to "suddenly stop" as one of the attendant defects resulting in injuries and death.  (*Id.*)  Not until nearly a year later, in September 2023, did the CPSC and Defendant announce the recall of 300,000 Onewheel devices.  (CPSC, *Future Motion Recalls Onewheel Self-Balancing Electric Skateboards Due to Crash Hazard; Four Deaths Reported*, (Sept. 29, 2023), https://www.cpsc.gov/Recalls/2023/Future-Motion-Recalls-Onewheel-Self-Balancing-Electric-Skateboards-Due-to-Crash-Hazard-Four-Deaths-Reported.)   End users of the original Onewheel model and Onewheel+ model were offered a pro-rated refund upon disposal of the device.  (*Id.*)  End users of the Onewheel XR, Onewheel Pint, Onewheel Pint X, and Onewheel GT were advised to stop using their devices until they could remotely install a firmware update that equipped those models with a "tactile *and* audible warning system" called "Haptic Buzz [.]" (*Id.* (emphasis added).)   The Haptic Buzz warning system purportedly provides a buzzing sensation and sound warning to users when (at least) some conditions known to cause a nosedive are imminent.

Against this backdrop and based upon counsels' experience with Onewheel-related litigation, Plaintiffs believe the following legal issues are likely to arise:

> i.     The production of comprehensive Rule 26(a)(1) disclosures, including the production of complete insurance agreements that may satisfy all or part of a potential Plaintiffs' judgment;
>
> ii.    The entry of an MDL-wide protective order and its appropriate scope;
>
> iii.   The appropriate progression of discovery;
>
> iv.    The discoverability and admissibility of other similar instances;
>
> v.     The discoverability of the source code for each Onewheel model that is the subject of a representative case, including the proper scope of source code inspection and terms of any related protocol;
>
> vi.    The proper scope and protocol for subject Onewheel board inspections and test rides;

vii.    The discoverability and admissibility of Defendant's communications with the CPSC, the CPSC's findings, and Defendant's recall.

viii.   Defendant's motion to dismiss *Loh*;

ix.     Motion for remand or other motion practice related to the inclusion or exclusion of *Loh*;

x.      Spoliation of the Onewheel Community Forum;

xi.     Motions for Summary Judgment;

xii.    Motions to exclude or strike expert testimony premised upon *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny.

xiii.   Waiver of venue. *See Lexecon Inc v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

**b.     Defendant's Preliminary Statement of Facts and Identification of Legal Issues:**

Future Motion is the creator and manufacturer of the Onewheel, a one-wheeled electric skateboard. The Onewheel is generally comprised of a motor, battery, footpad sensor and wheel, and has electronic components which allow it to self-balance. The first board introduced in 2014 was the original Onewheel. Since then, Future Motion has introduced five other Onewheel models, distinguished primarily by size and battery range.

A rider of a Onewheel stands sideways on a board like a traditional skateboard. After the board is turned on, and a rider brings it to level, the motor will engage and start balancing the rider. To go forward, a rider leans forward, and to slow down or stop, a rider leans backwards. A board is turned by having the rider put pressure on his or her toes or heels to turn the board in the direction chosen. The board is entirely controlled by the rider. The rider decides how fast to ride, the terrain a board is ridden on, and all other aspects of the riding experience.

Like with other recreational products, there are risks associated with riding a Onewheel. Falls from Onewheels can and do happen for innumerable reasons including terrain variances, loss of balance, striking objects, rider distraction, rider inexperience and many others.  In addition, because

of physics, there are limits to how fast a Onewheel can be ridden. In order to warn a rider to maintain a safe and appropriate speed, Future Motion designed and developed its "pushback" safety feature. As a rider starts to approach the board's limits, the front of the board will lift up, or "pushback" to signal to the rider to lean back and slow down. In fact, pushback actually physically moves the rider backwards as a clear signal to the rider as to what to do.  If the rider follows the pushback warning and leans back to slow down, the board will stop pushing back. However, if the rider decides to lean forward and push through pushback, the pushback warning will increase, and the rider will experience an increasing amount of pushback. Thus, the pushback warning is progressive, the closer the rider gets to the board's limits, the greater the pushback warning that is provided.

The plaintiffs in these cases, other than the class actions, allege that they fell while riding a Onewheel and allege that the board suddenly stopped or shut off. The plaintiffs assert the same core set of causes of action against Future Motion, sounding in product liability—strict liability and negligence claims of design defect, manufacturing defect, and failure to warn. There are a few plaintiffs that have also asserted causes of actions for violation of a consumer protection statute, violations of a business and professions code, and/or breach of warranty.

There is absolutely no evidence in any of the cases that any design, manufacturing, or warning defect existed or that an issue with the board in any way contributed to or caused the incidents at issue. Like with any recreational product, riders can fall from Onewheel boards on occasion. Further, given its unique design, there is a learning curve for new riders to become proficient. Future Motion provides extensive warnings and instructions on proper riding techniques in a variety of settings.

Future Motion anticipates the critical factual and legal issues:

i.   Future Motion's motion to dismiss and to strike the class allegations in *Loh*, and anticipated motions to dismiss and to strike the class allegations in the *Nemeth* class action following service of a Complaint;

ii.    The entry of an MDL-wide protective order and its appropriate scope;

iii.   The preservation, or spoliation, of the plaintiffs' board and any riding data contained on the plaintiffs' mobile application or any other devices;

iv.    Motions for Summary Judgment;

v.     Motions to exclude or strike expert testimony premised upon Federal Rule of Civil Procedure 702.

Dated: January 11, 2024                      Respectfully submitted,


                                             By: */s/ Robert W. Cowan*


                                             **BAILEY COWAN HECKAMAN PLLC**
                                             Robert W. Cowan (admitted *pro hac vice*)
                                             Aaron M. Heckaman (admitted *pro hac vice*)
                                             1360 Post Oak Blvd., Suite 2300
                                             Houston, TX 77056
                                             Telephone: 713-425-7100
                                             Facsimile: 713-425-7101
                                             aheckaman@bchlaw.com
                                             rcowan@bchlaw.com

                                             *Attorneys for Plaintiffs Ron Bunnell, on behalf of the Estate of Carl Joseph Bunnell, deceased, Barclay Bunnell, Misty Odeen, as next friend and representative of Maxwell Bunnell, a minor, Darryl Martin John Oatridge, and Bridget Oatridge*

                                             *-and-*

                                             **MORGAN & MORGAN**
                                             Rene F. Rocha (*pro hac vice* anticipated)
                                             COMPLEX LITIGATION GROUP
                                             400 Poydras St., Suite 1515
                                             New Orleans, LA 70130
                                             rrocha@ForThePeople.com
                                             P: (954) 318-0268
                                             F: (954) 327-3018

                                             *Attorneys for Jason Bailey, Christopher Delapaz, Schuyler Elliot, Brandon Greer, Michael Haggerty, Orlando Lopez-Roman, Ralph Nacca, Ian Quincannon, Jonathan Reeves, Kevin Roesler, Joel Thomas*

By: */s/ Gregory Haroutunian*

**CLAYEO C. ARNOLD,**
**A PROFESSIONAL CORPORATION**
M. Anderson Berry (SB# 262879)
Gregory Haroutunian (SB# 330263)
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 239-4778
Facsimile: (916) 924-1829
Email: aberry@justice4you.com
Email: gharoutunian@justice4you.com
Email: bjack@justice4you.com

*- and –*

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Jerrod C. Patterson (*pro hac vice*)
Joseph M. Kingerski (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: jerrodp@hbsslaw.com
Email: joeyk@hbsslaw.com

*Attorneys for James Loh, Sean Michael Smith, Giovany Rico, Bradley Reber, Raymond Wang, Christopher Foo, Devon Holt, Valentina Forcella, Derek Guilford, James Grant, Johnny Leombruno, Carlos Murphy, Stephen Powell, Richard Bonner, Joshua Flott*

**NILAN JOHNSON LEWIS PA**

By: */s/ John Wackman*

John J. Wackman (admitted *pro hac vice*)
Christine M. Mennen (admitted *pro hac vice*)
Kathleen K. Curtis (admitted *pro hac vice*)
Kelly P. Magnus (admitted *pro hac vice*)
250 Marquette Avenue South, Suite 800
Minneapolis, MN  55401
Tel: (612) 305-7500
Fax: (612) 305-7501
Email: jwackman@nilanjohnson.com
            cmennen@nilanjohnson.com

kcurtis@nilanjohnson.com
kmagnus@nilanjohnson.com

*Attorneys for Defendant Future Motion, Inc.*

**ADDITIONAL PLAINTIFFS' COUNSEL LISTED ON NEXT PAGE**

**ADDITIONAL PLAINTIFFS' COUNSEL:**

Eitan Goldrosen (admitted *pro hac vice*)
MORGAN & MORGAN, P.A.
20 North Orange Avenue, Suite 1600
Orlando, Florida 32801
Phone: (407) 420-1414
Email: egoldrosen@forthepeople.com

*Attorneys for Jason Bailey, Christopher Delapaz, Schuyler Elliot, Brandon Greer, Michael Haggerty, Orlando Lopez-Roman, Ralph Nacca, Ian Quincannon, Jonathan Reeves, Kevin Roesler, Joel Thomas*

Michael K. Johnson, Esq.
(admitted *pro hac vice*)
Adam Kress
(admitted *pro hac vice*)
JOHNSON BECKER, PLLC
444 Cedar Street, Suite 1800,
St. Paul, MN 55101
(612) 436-1800 / (612) 436-1801 (f)

*Attorney for Matthew Boston, Jonathan Burke, and Christopher Emmel*

Joe Mooneyham (admitted *pro hac vice*)
MOONEYHAM BERRY, LLC
Post Office Box 8359
Greenville, South Carolina 29604
P: 864.421.0036 | F: 864.421.9060
joe@mbllc.com

*Attorney for Samuel King*

Rachel M. Luke (admitted *pro hac vice*)
Michael Angiulo (admitted *pro hac vice*)
FRIEDMAN | RUBIN PLLP
1109 1st Avenue, Suite 501,
Seattle, WA 98101
Rachel@friedmanrubin.com
Phone: (206) 501-4446
Fax: (206) 623-0794

*Attorney for Plaintiffs Whitney Young and Mary Kokstis*

Craig Hoffman (admitted *pro hac vice*)
MACK, TRAGOS & HOFFMAN, LTD.
53 West Jackson Blvd., Suite 815
Chicago, IL 60604
Direct: (312) 242-2454
Fax: (312) 284-1865
CHoffman@MTH-law.com

*Attorney for Plaintiffs Keith Gregie and John Scherschel*

Daniel C. Jensen, Esquire
(*pro hace vice* anticipated)
Florida Bar No. 0112566
Lytal, Reiter, Smith, Ivey & Fronrath
515 N. Flagler Drive, 10th Floor
West Palm Beach, FL  33401
(561) 655-1990 Telephone
(561) 820-2229 Direct Line
(561) 820-2299 Direct Fax
Primary e-service:  djensen@foryourrights.com
Secondary e-service:  kharris@foryourrights.com

*Attorney for Victor McNair, Anh Truong, Scott, Patrick, Shane Smith, and Kwynn Koop*

Thomas H. Murphy, Esq.
COGAN & POWER, P.C.
One East Wacker Drive, 38th Floor
Chicago, Illinois 60601
(312) 477-2500
(312) 477-2501 (Fax)
tmurphy@coganpower.com

*Attorney for Plaintiff, Jason Brown*

1

2   Matthew K. Felty (admitted *pro hac vice*)              Lowell P. McKelvey (admitted *pro hac vice*)
    LYTLE SOULÉ & FELTY, P.C.                               MCKELVEY LAW LLC
3   1200 Robinson Renaissance                              1205 NW 25th Avenue,
    119 N. Robinson Ave.                                   Portland, Oregon 97210
4   Oklahoma City, OK 73102                                lowell@mckelveylaw.com
    (405) 235-7471 (Telephone)                             Phone: (503) 349-7535
5   (405) 232-3852 (Facsimile)                             Fax: (971) 357-2142
    mkfelty@lytlesoule.com
6                                                          *Attorney for Plaintiff Keith Gregie, John*
                                                           *Scherschel, and Bryan Reedy,*
7   - and -

8   Phillip G. Whaley (admitted *pro hac vice*)            Eli J. Hare (*pro hac vice* anticipated)
    RYAN WHALEY                                            Dicello Levitt LLP
9   400 N. Walnut Ave.                                     505 20th Street North, Suite 1500
    Oklahoma City, OK 73104                                Birmingham, Alabama 35203
10  (405) 239-6040 (Telephone)                             Tel: 205-855-5700
    (405) 239-6766 (Facsimile)                             ehare@dicellolevitt.com
11  pwhaley@ryanwhaley.com
                                                           *Attorney for Caleb Metts*
12
    *Attorneys for Plaintiff Grant Downs*
13

14

15  Timothy F. Pearce, Esq.                                Cameron Bell (admitted *pro hac vice*)
    Stuart B. Lewis                                        Oliver Law Group P.C.
16  Anya Fuchs, Esq.                                       50 W. Big Beaver Rd., Suite 200
    PEARCE LEWIS LLP                                       Troy, MI 48084
17  423 Washington Street, Suite 510                       Tel: 248-327-6556
    San Francisco, CA 94111                                Fax: 248-436-3385
18  Telephone: 415-964-5225                                cbell@oliverlawgroup.com
    Facsimile: 415-830-9879
19  Email: tim@pearcelewis.com                             *Attorney for Thomas Nemeth*
    Email: stuart@pearcelewis.com
20  Email: anya@pearcelewis.com

21
    *Attorneys for Darryl Martin John Oatridge, and*
22  *Bridget Oatridge*

23

24

25

26

27

28

## **LOCAL RULE 5-1 ATTESTATION**

I hereby attest, pursuant to Civil L.R. 5-1(i)(3) that the concurrence to the filing of this document has been obtained from each signatory hereto.

By:     */s/ Robert W. Cowan*
Robert W. Cowan

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2024, a true and correct copy of the foregoing document was served via filing it with the Court's CM/ECF system, which served all registered parties.

By:     */s/ Robert W. Cowan*
Robert W. Cowan