**NILAN JOHNSON LEWIS PA**

John J. Wackman (admitted *pro hac vice*)
jwackman@nilanjohnson.com
Christine M. Mennen (admitted *pro hac vice*)
cmennen@nilanjohnson.com
Kelly P. Magnus (admitted *pro hac vice*)
kmagnus@nilanjohnson.com
250 Marquette Avenue South, Suite 800
Minneapolis, MN 55401
Tel: (612) 305-7500
Fax: (612) 305-7501

*Attorneys for Defendant Future Motion, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: FUTURE MOTION, INC. PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>24-0005  Helfrich v. Future Motion | No.: 23-md-03087-BLF<br><br>**DEFENDANT FUTURE MOTION, INC.'S ANSWER TO PLAINTIFF MATTHEW HELFRICH'S COMPLAINT** |

Defendant Future Motion, Inc. ("Future Motion") for its Answer to the Plaintiff's Complaint, states and alleges as follows:

1. Future Motion denies generally each and every allegation herein unless otherwise admitted or qualified.

2. Future Motion admits that Plaintiff has brought a civil action against it but denies the remaining allegations in Paragraph 1 of Plaintiff's Complaint.

**PARTIES**

3. Upon information and belief, Future Motion admits the allegations in Paragraphs 2 and 3 of Plaintiff's Complaint.

**JURISDICTION AND VENUE**

4. Future Motion admits that this court has subject matter jurisdiction as alleged in Paragraph 4 of Plaintiff's Complaint, but denies that Plaintiff is entitled to the relief sought.

5. Future Motion admits that it has transacted business within the State of Missouri but denies the remaining allegations in Paragraphs 5 and 6 of Plaintiff's Complaint, including any subparts.

**GENERAL ALLEGATIONS REGARDING THE ONEWHEEL**

6. Future Motion admits the allegations contained in Paragraph 7 of Plaintiff's Complaint that it is in the business of designing, manufacturing, marketing, distributing, assembling, and/or testing motorized Onewheel boards, but is without sufficient information to admit or deny the remaining allegations and therefore denies the same.

7. Future Motion denies the allegations contained in Paragraphs 8 and 9 of Plaintiff's Complaint.

8. Future Motion denies the allegations contained in Paragraphs 10 and 11 of Plaintiff's Complaint and asserts that Future Motion's website speaks for itself.

9. Future Motion denies the allegations contained in Paragraphs 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25 of Plaintiff's Complaint.

10. Future Motion admits the CPSC issued a news release on November 16, 2022, involving Onewheels but denies the remaining allegations as set forth in Paragraphs 26 and 27 of Plaintiff's Complaint.

11. Future Motion denies the allegations as set forth and contained in Paragraphs 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, and 60 of Plaintiff's Complaint and puts Plaintiff to his burden of proof.

**PLAINTIFF'S SUBJECT ACCIDENT AND INJURIES**

12. Future Motion lacks sufficient information to admit or deny the allegations contained in Paragraphs 61, 62, 63, 65, 66, 67, and 68 of Plaintiff's Complaint and therefore denies the same.

13. Future Motion denies the allegations contained in Paragraphs 64, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, and 79 of Plaintiff's Complaint.

**CAUSES OF ACTION**

13. In response to Paragraph 47 of Plaintiff's Complaint, Future Motion incorporates its responses to each and every allegation contained in the preceding Paragraphs of Plaintiff's Complaint as if fully set forth herein.

COUNT I
PRODUCTS LIABILITY

14. Paragraphs 81 and 82 of Plaintiff's Complaint do not contain any allegations against Future Motion and cite to Missouri Revised Statute § 537.760 and the statute speaks for itself, requiring no response from Future Motion.

15. Future Motion admits the allegations contained in Paragraph 83 of Plaintiff's Complaint that it is in the business of designing, manufacturing, marketing, distributing, assembling, and/or testing motorized Onewheel boards, but is without sufficient information to admit or deny the remaining allegations and therefore denies the same.

16. Future Motion denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

17. Future Motion lacks sufficient information at the present time to admit or deny the allegations contained in Paragraph 85 of Plaintiff's Complaint and therefore denies the same.

18. Future Motion denies the allegations contained in Paragraphs 86, 87, 88, 89 and 90 of Plaintiff's Complaint.

## COUNT II
## BREACH OF EXPRESS WARRANTY

19. Paragraph 91 of Plaintiff's Complaint contains no allegations against Future Motion and cites to Missouri Revised Statute § 400.2-313 and the statute speaks for itself, requiring no response from Future Motion.

20. Future Motion denies the allegations contained in Paragraphs 92, 93, 94, and 95 of Plaintiff's Complaint.

## COUNT III
## BREACH OF IMPLIED WARRANTY

21. Paragraphs 96 and 97 of Plaintiff's Complaint contain no allegations against Future Motion and cite to Missouri Revised Statute §§ 400.2-314 and 400.2-315 and the statutes speak for themselves, requiring no response from Future Motion.

22. Future Motion denies the allegations contained in Paragraphs 98, 99, 100, 101, and 102 of Plaintiff's Complaint.

## COUNT IV
## FRAUDULENT CONCEALMENT AND MISREPRESENTATION

23. Future Motion denies the allegations in Paragraphs 103, 104, 105, 106, 107, 108, and 109 of Plaintiff's Complaint.

## COUNT V
## VIOLATION OF MISSOURI MERCHANDISING PRACTICES ACT

24. Future Motion denies the allegations contained in Paragraph 110 of Plaintiff's Complaint.

25. Paragraph 111 of Plaintiff's Complaint contain no allegations against Future Motion and cites to Missouri Revised Statute § 407.020 and the statute speaks for itself, requiring no response from Future Motion.

26. Future Motion denies the allegations contained in Paragraphs 112, 113, 114, 115, 116, 117, 118, 119, and 120 of Plaintiff's Complaint.

## COUNT VI
## NEGLIGENCE

27. Paragraph 121 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Future Motion denies that it was in any respect negligent.

28. Future Motion denies the allegations contained in Paragraphs 122, 123, and 124 of Plaintiff's Complaint, including any subparts.

## COUNT VII
## GROSS NEGLIGENCE/PUNITIVE DAMAGES

29. Future Motion denies the allegations contained in Paragraphs 125, 126, 127, 128, 129, 130, 131, 132, and 133 of Plaintiff's Complaint.

30. Future Motion admits that Plaintiff's Complaint seeks damages from Future Motion but denies the remaining allegations contained in Paragraph 134 of Plaintiff's Complaint.

## DEMAND FOR JURY TRIAL

31. Future Motion admits that Plaintiff has requested a jury. Future Motion also requests a trial by jury.

## PRAYER FOR RELIEF

32. Future Motion denies that Plaintiff is entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a cause of action against Future Motion for which relief may be granted.

2. Plaintiff may have altered, spoliated, or failed to preserve evidence without proper notice to Future Motion, and each cause of action is therefore barred. Plaintiff's claims may be

barred, in whole or in part, by the applicable statute of limitations or repose and/or by the doctrine of laches.

3. Plaintiff's damages, if any, were caused by the acts or omissions of third parties over whom Future Motion had no control and for whose acts Future Motion is not responsible.

4. Plaintiff assumed the risk of any damages he may have sustained in both the primary and secondary sense.

5. Plaintiff's damages, if any, were the result of an open and obvious risk of which Plaintiffs was or should have been aware, and accordingly, Plaintiff's claims are barred.

6. Plaintiff's damages, if any, were the result of intervening and/or superseding acts or negligence of persons, parties, or entities over whom Future Motion had no control.

7. The product complained of was substantially modified, altered and/or damaged after it left Future Motion's control.

8. The incident and Plaintiff's damages, if any, were caused by the unforeseeable and unanticipated misuse of the product, barring any recovery by Plaintiff.

9. At the time the product left the control of Future Motion there was not a practical and technically feasible alternative design that would have prevented the alleged harm without substantially impairing the reasonably anticipated or intended function of the product.

10. Plaintiff's claims are barred or limited by contributory fault, comparative negligence, and/or contributory negligence of Plaintiff.

11. The incident and injury, if any, were caused by the unauthorized, unintended, or improper use of the product complained of and as a result of the failure to exercise reasonable and ordinary care, caution, or vigilance.

12. Plaintiff's claims are barred due to Plaintiff's failure to follow warnings and/or instructions provided by Future Motion.

13. Plaintiff's claims may be barred by the defense of release, estoppel, or waiver.

14. Future Motion did not breach any duty it may have owed to Plaintiff.

15. At all times relevant to this litigation, Future Motion complied with all applicable laws, regulations, and standards.

16. The product was designed and manufactured consistent with the state of the art for similar products at the time of its design and manufacture.

17. In the event Plaintiff has failed to mitigate his damages, Plaintiff is barred from recovering those damages from Future Motion.

18. Plaintiff's damages, if any, must be set off against any payments received from a collateral source.

19. Any injuries and/or losses sustained, as alleged in the Complaint, were caused in whole or in part through the operation of nature or other intervening causes or both.

20. Plaintiff has neither incurred nor paid any medical expenses as alleged.

21. Future Motion is entitled to a setoff amount for all sums of money recovered by or on behalf of Plaintiff by way of any settlement, judgment or otherwise which were entered into or received by Plaintiff from any party or non-party in this action.

22. If Plaintiff or any other party has failed or fails to preserve evidence pertaining to the allegedly defective product, then Plaintiff and/or the other party may not introduce evidence related to or based upon such lost, destroyed or altered evidence and, therefore, some or all of the claims asserted by Plaintiff and/or other parties may be barred.

23. Plaintiff lacks standing to pursue one or more of the causes of actions asserted.

24. For Plaintiff's claim for punitive damages, Future Motion specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damages awards that arose in the decisions of BMW of No. America v. Gore, 517 U.S. 559

(1996); Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001); State Farm Mut. Auto Ins. Co. v. Campbell, 123 S. Ct. 1513 (2003); and Exxon Shipping Co. v. Baker, No. 07-219, 2008 U.S. LEXIS 5263 (U.S. June 25, 2008) and their progeny, as well as other similar cases under both federal and state law.

25. Plaintiff is not entitled to punitive damages because an award of punitive damages violates the Fifth and Fourteenth Amendments to the United States Constitution and the applicable State's Constitution.

26. Future Motion reserves the right to amend its Answer and to rely upon affirmative defenses as may hereafter be disclosed by further investigation and discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Future Motion Inc. prays that:

a. Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

b. Future Motion Inc. be awarded its costs and reasonable attorneys' fees incurred in connection with the defense of this action; and

c. Future Motion Inc. be awarded such other and further relief as the Court deems just and proper.

**DEFENDANT DEMANDS A JURY TRIAL.**

| | |
|---|---|
| Dated: February 13, 2024 | Respectfully submitted, |
| | **NILAN JOHNSON LEWIS PA** |
| | By: */s/ John Wackman* |
| | John J. Wackman (admitted *pro hac vice*) |
| | Christine M. Mennen (admitted *pro hac vice*) |
| | Kelly P. Magnus (admitted *pro hac vice*) |
| | 250 Marquette Avenue South, Suite 800 |
| | Minneapolis, MN  55401 |
| | Tel: (612) 305-7500 |
| | Fax: (612) 305-7501 |
| | jwackman@nilanjohnson.com |
| | cmennen@nilanjohnson.com |
| | kmagnus@nilanjohnson.com |
| | *Attorneys for Defendant Future Motion, Inc.* |