UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES LOH, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>FUTURE MOTION, INC., et al.,<br><br>  Defendants. | Case No.  23-md-03087-BLF (LB)<br><br>NOTICE AND ORDER REGARDING SETTLEMENT CONFERENCE |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

This case was referred to Magistrate Judge Laurel Beeler for a settlement conference.

**A. Time and Location of Settlement Conference**

The court sets a pre-settlement conference on **Thursday, June 27, 2024 at 1:00 p.m.** to be held via Zoom meeting.  The court sets an initial settlement conference on **Tuesday, August 13, 2024 at 10:00 a.m.** and sets a second settlement conference on **Tuesday, October 1, 2024 at 10:00 a.m.**, 15th Floor, Courtroom B, Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102. If the parties and counsel are not available on that date, or if they believe that a settlement conference would be more productive at a different time, counsel must contact this court's courtroom deputy **within a week** at 415-522-3140. The parties also may arrange a conference call if it would help resolve scheduling or other impediments.

**B. Meet-and-Confer For Settlement Conferences Conducted Before Discovery Cut-Off**

If the settlement conference is before the discovery cut-off deadline set by the trial judge, counsel must confer in person or by telephone no later than 21 days before the settlement conference and before preparing their settlement-conference statements. The purpose of the meeting is to identify and exchange whatever discovery is needed for all sides to evaluate the case for settlement. Counsel must cooperate in providing discovery informally and expeditiously.

**C. Participants**

Lead trial counsel must attend the settlement conference with the parties and with the persons having full authority to negotiate and settle the case.

**1. Corporation or Other Non-Government Entity.** A party other than a natural person (such as a corporation or association) satisfies the attendance requirement if represented by a person (other than outside counsel) who has final authority to settle up to the full amount of the opposing party's existing settlement demand or offer and who is knowledgeable about the facts of the case. If the authority to settle is vested only in a governing board, claims committee, or equivalent body and cannot be delegated, a party must comply with the requirements of Northern District of California ADR Local Rule 7-4(a) and must designate a person with authority to participate in the settlement conference and, if a tentative settlement agreement is reached, to recommend the agreement to the approving body for its approval.

**2. Government Entity.** A party that is a government entity satisfies the attendance requirement if represented by a person (in addition to counsel of record) who (a) has, to the greatest extent feasible, authority to settle, (b) is knowledgeable about the facts of the case, the government entity's position, and the positions and policies under which the government entity decides whether to accept proposed settlements, and (c) has the authority, if a tentative settlement agreement is reached, to recommend the agreement to the government entity for its approval. *See* N.D. Cal. ADR Local R. 7-4(b). If the action is brought by the government on behalf of one or more individuals, at least one such individual also must attend. *See id*.

**3. Insured Party.** An insured party must appear with a representative of the carrier with full authority to negotiate up to the limits of coverage.

**4. Personal Attendance By Counsel and Parties**. Personal attendance by counsel will not be excused. Personal attendance of a party representative rarely will be excused and then only on a written request made at least two weeks before the conference demonstrating that attendance would constitute an extraordinary or unjustified hardship. A copy of the written request must be served on all other parties. Any objection to the request must be submitted within 48 hours. If telephone attendance is allowed, the party must be available throughout the entire conference.

**D. Settlement-Conference Statements**

No later than seven days before the settlement conference (or fourteen days for cases involving four or more separately represented parties), each party must lodge (not e-file or file) one hard copy of the following settlement-conference statements. The parties must also email an electronic copy of their statements to lbsettlement@cand.uscourts.gov. Failure to submit timely settlement-conference statements may result in the court's vacating the scheduled conference.

1. "Exchanged Settlement-Conference Statement," and

2. "Additional Settlement Information" to be included either in the exchanged settlement-conference statement or in a separate confidential statement.

Please print the documents double-sided and three-hole punch the documents at the left side. The settlement-conference statements must be submitted to Judge Beeler, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102, in a sealed envelope addressed to Judge Beeler and prominently marked "SETTLEMENT CONFERENCE DOCUMENTS:  DO NOT FILE."

**1. Exchanged Settlement-Conference Statement**

The exchanged settlement-conference statement may be up to ten pages of text and twenty pages of exhibits. Counsel may identify other key documents that exceed the twenty-page limit, submit a list with an explanation of relevance, and ask to submit additional documents. (Generally, bringing them to the settlement conference is sufficient.) If there is video footage, the parties must confer and submit a joint exhibit with the relevant footage and must not submit separate versions.

Counsel must serve the exchanged statement on all parties and generally must share with their clients the exchanged statement received from opposing counsel. The statement may include any information that may be useful and must include the following:

a. <u>Substance of the Suit</u>. Describe briefly the substance of the suit, including the following:

   i. The facts giving rise to the case.

   ii. The claims and defenses, including the statutory or other grounds upon which the claims are founded.

   iii. A summary of the proceedings to date, including a list of the motions previously made, the dispositions, and any pending motions.

   iv. A statement of the facts not reasonably in dispute.

   v. A list of the key facts in dispute and the specific evidence relevant to a determination of those facts.

   vi. A brief statement of issues of law with respect to liability and damages. The statement must include cites to statutes and cases, but no extended legal argument is necessary.

b. <u>Relief Sought</u>. A statement of the relief sought, including an itemization of damages and any non-monetary relief sought.

c. <u>Settlement Discussions/Demand and Response Required</u>. Except to the extent prohibited by applicable rules of privilege, describe the history and current status of any settlement negotiations, including the parties' positions on settlement (including present demands and offers), a summary of past settlement discussions, and a current reasonable proposal of settlement. There must be a current demand and response made before the settlement conference, and those must be in the settlement-conference statements. If there have been no prior settlement discussions or demands, the plaintiff must serve a demand on the defendant in writing no later than fourteen days before the conference, outlining its theories for recovery, the supporting facts, and damages. The plaintiff must include its demand in its exchanged settlement-conference statement. The defendant must include its response to the demand in its exchanged settlement-conference statement.

d. <u>Persons Attending Conference</u>. For each party, a list of names, titles, and positions of persons who will attend the conference. This list does not count toward the ten-page limit. This section must identify by name, title or status, the following persons: (i) the person(s) with decision-making authority who, in addition to counsel, will attend the settlement conference as a representative of the party, and (ii) the person(s) connected with a party opponent (including an

insurer representative) whose presence might substantially improve the prospects for settlement.

   2. **Additional Settlement Information**

The parties **must** submit the additional information listed below either in the exchanged statement or in a separate confidential statement that is not served on the other parties. The page limits for the additional information are five pages of text and five pages of exhibits.

   a. Litigation Costs. A statement of litigation costs and attorney's fees to date and estimated costs, fees, and time projected for further discovery, pretrial proceedings, and trial.

   b. Settlement Analysis of the key liability issues and damages, including a candid evaluation of the strengths, weaknesses, and uncertainties of the case (factual and legal).

   c. Additional Information. Include any information about other needs, interests, or considerations that might be pertinent to settlement. That information might include the following:

      i.  What needs of your client must be met for the parties to reach a settlement?

      ii.  What needs of the opposing party must be met to reach a settlement?

      iii.  What do you see as the obstacles to a settlement, and what ideas do you have to overcome them?

      iv.  Do you have enough information to discuss settlement, and if not, what additional information is needed?

      v.  What are the consequences to each side if no settlement is reached?

**E.  Settlement Conference**

   Settlement conferences regularly last three or more hours.

**F.  Continuances**

   The parties must jointly file any request for continuance, review the court's calendar at http://www.cand.uscourts.gov/CAND/Calendar.nsf, and propose new dates or set a scheduling call if they cannot find new dates easily.

**G.  Additional Requirements**

   Counsel must provide a copy of this order to all participating parties. Counsel must review Northern District of California ADR Local Rule 7, available at http://www.adr.cand.uscourts.gov.

**IT IS SO ORDERED.**

Dated: April 11, 2024

_____
LAUREL BEELER
United States Magistrate Judge