# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IN RE: FUTURE MOTION, INC. PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>*Young v. Future Motion, Inc.*,<br>No. 23-cv-06502-BLF | Case No. 23-md-03087-BLF<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND**<br><br>[Re: ECF No. 153] |

In this multi-district litigation ("MDL") member case, Plaintiffs Whitney Young and Mary Kokstis's have moved for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15. ECF No. 153 ("Mot."); *see also* 23-6502 ECF No. 27. Defendant Future Motion, Inc. opposes the motion. ECF No. 171 ("Opp."). Plaintiffs filed a reply. ECF No. 174 ("Reply"); *see also* 23-6502 ECF No. 30. The Court finds the motion suitable for disposition without oral argument, and VACATES the hearing scheduled on October 10, 2024. *See* Civ. L.R. 7-1(b).

For the reasons stated below, the Court GRANTS the motion.

**I.   LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* A district court ordinarily must grant leave to amend unless one or more of the following "*Foman* factors" is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[I]t is the consideration of prejudice to the opposing party that carries the greatest

1  weight." *Id.* However, a strong showing with respect to one of the other factors may warrant

2  denial of leave to amend. *Id.* "Generally, Rule 15 advises the court that 'leave shall be freely

3  given when justice so requires.' This policy is 'to be applied with extreme liberality.'" *Id.* at 1051

4  (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001)).

## II.  DISCUSSION

Plaintiffs seek to amend their complaint to add Future Motion MFG LLC as a defendant and to add a request for punitive damages under California law. Mot. at 1; *see also* ECF No. 153-1 (proposed amended complaint). Plaintiffs argue that amendment would not prejudice Defendant, and Defendant has not contested this assertion. *See* Mot. at 4. Instead, the parties contest only whether amendment would be futile.

"An amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017). While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion, *see Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend, *SAES Getters S.p.A v. Aeronex, Inc.*, 219 F.Supp.2d 1081, 1086 (S.D. Cal. 2002) (internal citation omitted). "Case law indicates that where there is a colorable claim, courts must grant leave to amend." *Morand-Doxzon v. Delaware N. Companies Sportservice, Inc.*, No. 20-CV-1258 DMS (BLM), 2021 WL 831263, at *4 (S.D. Cal. Mar. 4, 2021).

### A.  Punitive Damages

Plaintiffs argue that their request for punitive damages under California law is not futile because Washington choice of law principles allow punitive damages under the laws of other states. Mot. at 4–8. Defendant argues that the Washington Product Liability Act ("WPLA") is the exclusive remedy for product liability claims and does not allow punitive damages, and even under a choice of law analysis, Washington's interest in the exclusivity of the WPLA outweighs any interest in enforcing California punitive damages rules. Opp. at 6–8. Defendant also argues that Plaintiffs fail to allege malice, oppression, or fraud to support a claim for punitive damages.

United States District Court
Northern District of California

*Id.* at 8–9.

When considering questions of state law, a transferee court applies the state law that would have applied to the individual MDL member case had it not been transferred for consolidation. *See In re Temporomandibular Joint (TMJ) Implants Prod. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (citing *In re Air Crash Disaster Near Chicago, Illinois on May 25, 1979*, 644 F.2d 594, 610 (7th Cir. 1981)). Because this case was transferred from the Western District of Washington, the Court must consider whether Washington law permits Plaintiffs to bring a claim for punitive damages under the law of another state.

Defendant argues that any request for punitive damages is futile because the WPLA is the exclusive remedy for product liability claims in Washington, and punitive damages are not authorized for WPLA claims under Washington law. *See* Opp. at 6–8. However, Plaintiffs have also brought a claim for negligence, and Washington courts have applied a separate choice-of-law analysis to consider whether punitive damages are permissible for tort claims. *See Erickson v. Pharmacia LLC*, 548 P.3d 226, 247 (Wash. Ct. App. 2024). Defendants have not yet moved to dismiss the negligence claim, and this stage of an MDL proceeding is not the appropriate time to do so. Accordingly, the Court will apply Washington's choice-of-law analysis to determine whether Plaintiffs may pursue punitive damages for their tort claim. *Cf. White v. Ethicon, Inc.*, No. C20-952 BHS, 2022 WL 326787, at *1–2 (W.D. Wash. Feb. 3, 2022) (holding that punitive damages are unavailable where the plaintiff's only remaining claim was a WPLA claim).

Washington law applies the "most significant relationship" factors from the Restatement (Second) of Conflict of Laws § 145 (1971). *See Singh v. Edwards Lifesciences Corp.*, 210 P.3d 337, 340 (Wash. Ct. App. 2009). Under this test, the Court first considers whether a conflict exists. *Id.* Next, the Court evaluates which law applies by determining which jurisdiction has the most significant relationship to a given issue. *Id.* In doing so, the Court considers certain contacts: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Id.* (quoting *Johnson v. Spider Staging Corp.*, 555 P.2d 997, 1000 (Wash. 1976)). If

3

the balance of contacts is even, then the Court must evaluate the public policies and governmental interests of the concerned states. *Id.* at 341.

The Court concludes that Plaintiffs' proposed request for punitive damages under California law is not futile. Applying the Washington choice-of-law analysis, the Court first finds that there is an actual conflict. "An actual conflict arises when the outcome of an issue differs depending on which state's law applies." *Erickson*, 548 P.3d at 238. Although Washington law does not provide for punitive damages, California law does. *See id.* at 246 (noting that Washington law does not provide for punitive damages); Cal. Civ. Code § 3294 (allowing punitive damages). The Court next finds that the relevant contacts are evenly split—Plaintiff Young was injured in Washington, the conduct that caused the injury occurred in California, Plaintiffs are domiciled in Washington, and Defendant is domiciled in California. *See* ECF No. 153-1 ¶¶ 3, 4, 6, 19, 38. In evaluating the public policies and governmental interests of the concerned states, the Court is guided by decisions of the Washington Courts of Appeals, which have found in similar cases that the state in which the conduct at issue occurred has a greater interest in deterring or punishing egregious conduct than any interest Washington might have in protecting companies based in other states that commit egregious conduct. *See, e.g.*, *Erickson*, 548 P.3d at 248–49; *Singh*, 210 P.3d at 342.

Finally, Plaintiffs have alleged sufficient facts in their proposed amended complaint to satisfy the Court that their request is not futile. A request for punitive damages under California law requires allegations of oppression, fraud, or malice. Cal. Civ. Code § 3294(a). Plaintiffs allege that Defendants were aware of the alleged design and manufacturing defect and despite "numerous safety complaints," consciously disregarded any safety risks by declining to issue safety warnings and created misleading promotional materials, advertisements, and instruction manuals. *See* ECF No. 153-1 ¶¶ 69–76. To the extent that Defendant contests the sufficiency of these pleadings to state a claim, such an argument is better raised on a motion to dismiss, rather than an opposition to a motion for leave to amend, for which leave is liberally granted. *See SAES Getters*, 219 F.Supp.2d at 1086.

In light of the analysis above and the extreme liberality with which leave to amend is

1 granted, the Court GRANTS Plaintiffs' motion for leave to amend to add a request for punitive
2 damages.

### B. Future Motion MFG LLC

Defendant argues that any claims against Future Motion MFG LLC are futile because Plaintiffs offer no basis for including claims against Future Motion MFG LLC. Opp. at 9. Defendant also argues that Plaintiffs fail to allege evidence of a manufacturing defect. *Id.* at 10. Plaintiffs argue that they have alleged a manufacturing defect and that Future Motion MFG LLC manufactured the Onewheel Pint X that is the subject of the complaint. Reply at 3–4.

Plaintiffs have alleged sufficient facts that, if taken as true and all reasonable inferences are drawn in their favor, satisfy the Court that their proposed amendment is not futile. Plaintiffs allege that Future Motion MFG LLC manufactured the Onewheel Pint X that caused their injuries and that the product had a manufacturing defect. *See* ECF No. 153-1 ¶¶ 6, 52, 58. Defendants' arguments that Plaintiffs fail to allege how the Onewheel Pint X was defective and that Plaintiffs fail to submit evidence are arguments that are better raised in a motion to dismiss and motion for summary judgment, respectively. In light of the extreme liberality with which leave to amend is granted, the Court finds that Plaintiffs' proposed amendment is not futile.

Accordingly, the Court GRANTS Plaintiffs' motion for leave to amend to add Future Motion MFG LLC as a defendant.

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs Whitney Young and Mary Kokstis's motion for leave to file an amended complaint (MDL ECF No. 153; 23-6502 ECF No. 27) is GRANTED. Plaintiffs SHALL file their amended complaint within 7 days of the date of this Order.

Dated: July 1, 2024

_____
BETH LABSON FREEMAN
United States District Judge

5