UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FUTURE MOTION, INC., <br> PRODUCTS LIABILITY LITIGATION | Case No. 23-md-03087-BLF (SVK) <br><br> **ORDER RESOLVING DISCOVERY DISPUTE** <br> Re: Dkt. No. 281 |

Defendant Future Motion, Inc. ("FMI") asserts the protections of the attorney-client privilege and work-product doctrine over its communications with a third-party public-relations firm. Based on their review of FMI's privilege log, the Personal Injury/Wrongful Death Plaintiffs question whether those protections apply to 135 of the documents identified on the log. *See* Dkt. 281. For good cause shown, the Court ordered the Parties to submit a sample of the documents for *in camera* review.[1] *See* Dkt. 287. Having reviewed the Parties' submissions (including the sample of documents *in camera*), relevant law and the record in this action, the Court resolves the dispute as set forth below.[2]

**Attorney-Client Privilege.** "There is no 'public relations privilege' in California, and the courts cannot create one. Therefore, whether communications among a client, his or her attorney, and a public relations consultant are protected by the attorney-client privilege depends on whether

---

[1] The Court ordered each side to select up to 15 unique documents for a sample size of up to 30 documents for the Court's review. *See* Dkt. 287. The Parties submitted a total of only 18 documents, noting that "there is a significant amount of repetition in the documents due to the fact that different custodians responded to different emails in particular email threads." *See* Dkt. 291 at 2. Thus, it appears that the Court has reviewed **all** of the substantive bases upon which FMI is claiming the protections in question.

[2] The Court has determined that this dispute is suitable for resolution without oral argument. *See* Civil Local Rule 7-1(b).

the communications were confidential and whether disclosing them to the consultant **was reasonably necessary to accomplish the purpose for which the client consulted the attorney**." *Behunin v. Superior Ct.*, 9 Cal. App. 5th 833, 845 (2d Dist. Div. 7 2017) (emphasis added) (citations omitted). Further,

> [a] media campaign is not a litigation strategy, and while [s]ome attorneys may feel it is desirable at times to conduct a media campaign, such a desire does not transform their coordination of a campaign into legal advice.

*Id.* at 849 (quotation marks and citation omitted).

This standard presents a high bar for FMI to meet, and it has not done so. Nothing in the documents reviewed by the Court suggests that FMI's attorneys needed the public-relations firm's assistance to "accomplish the purpose for which [FMI] consulted" its attorneys. Indeed, FMI and its counsel's consultation with the public-relations firm is accurately described as a media campaign, and, as such, does not qualify for the attorney-client privilege. *See, e.g.*, *Resolute Forest Prods., Inc. v. Greenpeace Int'l*, No. 17-cv-02824-JST, 2022 WL 885368, at *2 (N.D. Cal. Mar. 25, 2022); *In re Pac. Fertility Ctr. Litig.*, No. 18-cv-01586-JSC, 2020 WL 1934981, at *3 (N.D. Cal. Apr. 22, 2020).

**Work-Product Doctrine.** "Unlike the attorney-client privilege, the application of the work product doctrine in diversity of citizenship cases is determined under federal law." *Anderson v. SeaWorld Parks & Ent., Inc.*, 329 F.R.D. 628, 635 (N.D. Cal. 2019) (citation omitted). "The work-product doctrine protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation. . . . To qualify for work-product protection, documents must: (1) be prepared in anticipation of litigation or for trial and (2) be prepared by or for another party or by or for that other party's representative." *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (quotation marks and citations omitted).

Having reviewed the documents, the Court concludes that some documents contain attorney-authored communications that constitute work product. For example, in Document REV018669, an attorney for FMI sent an email on October 29, 2022, at 2:06 p.m. in which he proposes certain modifications to a press release based on his impression of a claim. That satisfies

the work-product standard. Of course, not all documents authored by an attorney qualify for the protection. Document REV018767, for example, contains an attorney-authored communication dated November 16, 2022, at 9:21 a.m. that the Court concludes was not "prepared in anticipation of litigation or for trial."

As for communications authored by the public-relations firm, those communications constitute protected work product only if they "implicitly reflect [an attorney's] work-product." *See Anderson*, 329 F.R.D. at 636; *see also Stardock Sys., Inc. v. Reiche*, No. 17-cv-07025-SBA, 2018 WL 6259536, at *3 (N.D. Cal. Nov. 30, 2018) ("To withhold a document or communication made for both PR advice and litigation strategy, a party must show that the document would not have been created in substantially similar form but for the prospect of litigation, and that the litigation purpose so permeates any [PR] purpose that the two purposes cannot be discretely separated from the factual nexus as a whole." (quotation marks and citation omitted)). This too presents a notably high bar, and as discussed below, the Court will direct FMI to evaluate whether any of the public-relations firm's communications satisfy this standard.

Concluding that a document qualifies as work product does not end the inquiry, as the work-product protection is waivable. *See Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010). But it "is not as easily waived as the attorney-client privilege." *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 580 (N.D. Cal. 2007) (citation omitted). "[D]isclosure of attorney work product to a third party does not waive protection unless it has substantially increased the opportunity for the adverse party to obtain the information." *Shenwick v. Twitter, Inc.*, No. 16-cv-05314-JST, 2019 WL 3815719, at *3 (N.D. Cal. Apr. 19, 2019) (quotation marks and citation omitted); *see also Anderson*, 329 F.R.D. at 635-36 (discussing whether disclosing work product to a public-relations firm waived the work-product protection). Again, FMI shall review the documents with this standard in mind in the first instance.

* * *

With the **stringent** legal standards discussed above in mind, the Court **ORDERS** FMI to re-evaluate the 135 documents in question and to produce all of the documents or portions of documents that are not protected by the work-product doctrine. FMI may not continue to withhold

3

any of the 135 documents on the basis that the attorney-client privilege applies. FMI shall produce those documents not protected by the work-product doctrine by **February 28, 2025**, with redactions as appropriate.

**SO ORDERED.**

Dated: February 17, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge